IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERMAN HARRIS, | : | |
| individually and on behalf of all | : | Civil Action File No. |
| others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Jury Trial Demanded |
| | : | |
| vs. | : | |
| | : | |
| STATEWIDE WRECKER | : | |
| SERVICE SOUTH, INC. and | : | |
| RONNIE C. FAUST, | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiff Sherman Harris ("Harris"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Defendant Statewide Wrecker Service South, Inc. ("Statewide") and Ronnie C. Faust ("Faust") (collectively "Defendants") and shows the Court as follows:

**1.    INTRODUCTION**

1.

This is an FLSA overtime case. Defendants employed Harris and others as tow truck drivers Defendants failed to pay them at one-and-one-half times their regular rates for work they performed in excess of 40 hours per week.

2.

Harris asks this Court to certify a collective of similarly situated individuals, to wit, all drivers who have worked for Statewide, within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Harris' Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A".

4.

Harris requests collective relief because all other Statewide drivers were treated in a similar manner with respect to their compensation.

**2.   JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Statewide's principal place of business is located in this judicial district,

and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**3.**   **THE PARTIES**

7.

Harris resides in DeKalb County, Georgia.

8.

During the three years immediately preceding the initiation of this action ("the Relevant Time Period", Defendants jointly operated a tow truck service from their principal place of business located at 6995 Covington Highway, Lithonia, GA 30058.

9.

Statewide is a corporation organized under the laws of the State of Georgia.

10.

Statewide can be served via its registered agent Susan McLaughlin at 6995 Covington Highway, Lithonia, GA 30058.

11.

Statewide is subject to the personal jurisdiction of this Court.

12.

Faust is a resident of Greene County, Georgia.

13.

Faust is subject to the personal jurisdiction of this Court.

14.

Faust is the owner, CEO, and CFO of Statewide.

15.

Faust can be served with process at his residence located at 1240 Armour Road, Greensboro, Georgia or wherever he can be found.

### 4.   INDIVIDUAL COVERAGE:

16.

At all times during the Relevant Time Period, Harris was "engaged in commerce" as an employee of Statewide as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

At all times during the Relevant Time Period, Harris regularly provided towing services for disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

### 5.   ENTERPRISE COVERAGE:

18.

At all times during the Relevant Time Period, two of more employees of Statewide handled the following materials that have moved in interstate commerce for the commercial purpose of the company: Vehicles, gasoline, automobile oil, uniforms, credit card machines, computers, and cellular phones.

19.

At all times during the Relevant Time Period, Statewide has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

During 2013, Statewide had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2014, Statewide had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Statewide had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, Statewide had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2013, Statewide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2014, Statewide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, Statewide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Statewide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

28.

At all times during the Relevant Time Period, Statewide's tow truck drivers operated tow trucks and related equipment that were manufactured outside of the State of Georgia.

29.

At all times during the Relevant Time Period, Statewide's tow truck drivers towed vehicles that had been manufactured outside of the State of Georgia.

30.

During 2013, Statewide had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2014, Statewide had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

During 2015, Statewide had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

During 2016, Statewide is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

At all times during the Relevant Time Period, Statewide has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### 6.   STATUTORY EMPLOYER ALLEGATIONS

35.

Harris worked for Statewide as a tow truck driver from approximately July 13, 2015 through January 13, 2016.

36.

At all times during the Relevant Time Period, Harris drove a flatbed tow truck on behalf of Defendants.

37.

At all times during the Relevant Time Period, Harris regularly worked 5 to 6 days during each work week while employed by Statewide.

38.

During the majority of his scheduled work days, Harris regularly worked from 6:00 a.m. until at least 6:00 p.m.

39.

At all times during the Relevant Time Period, the work performed by Harris was integral to Statewide's business purpose (*i.e.*, a towing company).

40.

At all times during the Relevant Time Period, Statewide was an "employer" of Harris as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

41.

At all times during the Relevant Time Period, Harris and the opt-in class were "employees" of Statewide as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

42.

At all times during the Relevant Time Period, Faust exercised operational control over the work activities of Harris.

43.

At all times during the Relevant Time Period, Faust was involved in the day to day operation of Statewide.

44.

At all times during the Relevant Time Period, Statewide vested Faust with supervisory authority over Harris.

45.

At all times during the Relevant Time Period, Faust exercised supervisory authority over Harris.

46.

At all times during the Relevant Time Period, Faust scheduled Harris' working hours or supervised the scheduling of Harris' working hours.

47.

At all times during the Relevant Time Period, Faust exercised authority and supervision over Harris' compensation.

48.

At all times during the Relevant Time Period, Faust was an "employer" of Harris as defined in FLSA § 3(d), 29 U.S.C. §203(d).

49.

At all times during the Relevant Time Period, Harris and the opt-in class were "employees" of Faust as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## COMMON FACTUAL ALLEGATIONS

50.

At all times during the Relevant Time Period, Harris and the opt-in class was were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

51.

At all times during the Relevant Time Period, Statewide did not employ Harris and the opt-in class in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

52.

At all times during the Relevant Time Period, Statewide did not employ Harris and the opt-in class in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

53.

At all times during the Relevant Time Period, Statewide did not employ Harris and the opt-in class in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

54.

At all times during the Relevant Time Period, Statewide did not employ Harris and the opt-in class in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

55.

At all times during the Relevant Time Period, Harris and the opt-in class were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

56.

At all times during the Relevant Time Period, Harris' work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

57.

At all times during the Relevant Time Period, Statewide was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

58.

At all times during the Relevant Time Period, Harris did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

59.

At all times during the Relevant Time Period, Harris and all other similarly situated Statewide tow truck drivers worked schedules of alternating on and off days, with shifts lasting in excess of 12 hours each day worked.

60.

In at least every other week during the Relevant Time Period, Harris and other Statewide tow truck drivers worked in excess of 40 hours per week.

61.

At all times during the Relevant Time Period, Defendants compensated Harris and other Statewide tow truck drivers on a commission-only basis.

62.

At all times during the Relevant Time Period, Defendants promised to pay Harris and all other Statewide tow truck drivers commissions derived from a percentage of the service fees Statewide collected in connection with the service calls completed its tow truck drivers.

63.

At all times during the Relevant Time Period,, Harris and all other Statewide tow truck drivers performed their job duties for Defendants in reliance on both written and oral representations of Defendants as the calculation of retained service fees.

64.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

65.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

66.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

67.

For each pay period during the Relevant Time Period, Defendants failed to calculate a regular rate for their tow truck drivers by dividing the sum total of the commission earned and other earnings by the total hours worked.

68.

For each pay period during the Relevant Time Period, Defendants failed to pay their tow truck drivers extra compensation at one-and-one-half times such a regular rate.

69.

At all times relevant, Defendants paid their tow truck drivers on a commission only basis.

70.

At all times during the Relevant Time Period, Defendants failed to pay Harris and all other Statewide tow truck drivers one-and-one-half times their regular hourly rates for each hour worked in excess of 40 in each workweek.

## COUNT I — FAILURE TO PAY OVERTIME

71.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

72.

At all times during the Relevant Time Period, Harris was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

73.

During his employment with Defendants, Harris regularly worked in excess of 40 hours each week.

74.

Defendants failed to pay Harris at one-and-one-half times his regular rate for work in excess of 40 hours in any week during the entire period of their employment.

75.

Defendants willfully failed to Harris at one and one half times his regular rate for work in excess of 40 hours in any week during the entire period of their employment.

76.

Harris is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of overtime compensation as alleged above, Harris is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Harris is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II – COLLECTIVE ACTION ALLEGATIONS

79.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

80.

At all times during the Relevant Time Period, Defendants violated 29 U.S.C. § 207 by failing to pay overtime wages to all tow truck drivers employed by Statewide.

81.

At all times during the Relevant Time Period, Defendants violated 29 U.S.C. § 207 by failing to pay overtime wages to all tow truck drivers employed by Statewide in the same manner as alleged above with respect to Harris.

82.

All tow truck drivers who have worked for Defendants during the Relevant Time Period are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

83.

All similarly situated tow truck drivers who opt in to this action are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

84.

All similarly situated tow truck drivers who opt in to this action are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

85.

As a result of the underpayment of overtime compensation as alleged above, All similarly situated tow truck drivers who opt in to this action are entitled to their litigation costs, including reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

86.

The proposed collective of individuals similarly situated to Harris should be defined as "All individuals who Statewide employed as tow truck drivers for March 22, 2013 through the present."

87.

All such individuals similarly situated to Harris would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as Harris in this lawsuit pursuant to 29 U.S.C. § 216(b).

88.

All such individuals similarly situated to Harris are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiff respectfully pray:

1.   That Plaintiff's claims be tried before a jury;

2.   That Plaintiff be awarded an amount to be determined at trial in due but unpaid overtime against Defendants, jointly and severally;

3.   That Plaintiff be awarded liquidated damages in an amount equivalent to her due but unpaid overtime compensation against Defendants, jointly and severally;

4.   That the Court permanently enjoin Defendants from violating the minimum wage and overtime provisions of the FLSA;

5.   That Plaintiff be awarded his costs of litigation, including reasonable attorney's fees against Defendants, jointly and severally;

6.   That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

7.   That the Court award all such individuals who "opt in" to this lawsuit amounts to be determined at trial in due but unpaid overtime against Defendants, jointly and severally

8.   That the Court award all such individuals who "opt in" to this lawsuit liquidated damages equivalent to their due but unpaid overtime compensation against Defendants, jointly and severally;

9.   That the Court award all such individuals who "opt in" to this lawsuit their costs of litigation and reasonable attorney's fees against Defendants, jointly and severally; and

10.  For such other and further relief as the Court deems just and proper.


Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 Centennial Tower          */s/Charles R. Bridgers*
101 Marietta Street            Charles R. Bridgers
Atlanta, Georgia 30303         Ga. Bar No. 080791
(404) 979-3171
(404) 979-3170 (f)             */s/ Kevin D. Fitzpatrick, Jr.*
kevin.fitzpatrick@dcbflegal.com   Kevin D. Fitzpatrick, Jr.
charlesbridgers@dcbflegal.com     Ga. Bar No. 262375


Counsel for Plaintiff