## SETTLEMENT AGREEMENT AND RELEASE

Through this Settlement Agreement and Release ("Settlement Agreement") Plaintiff Sherman Harris ("Plaintiff") on the one hand, and Statewide Wrecker Service South, Inc. ("Statewide") and Ronnie C. Faust  ("Faust;" collectively "Defendants"), on the other hand, hereby agree to settle the action styled *Sherman Harris v. Statewide Wrecker Service South, Inc. and Ronnie C. Faust, Civil Action No. 1:16-cv-00995-WSD*, currently pending in the United States District Court for the Northern District of Georgia Atlanta Division (the "Litigation"),  Plaintiff and Defendants may hereinafter be referred to as the "Parties."

### WITNESSETH:

**WHEREAS**, Plaintiff commenced the Litigation on March 28, 2016 in the United States District Court for the Northern District of Georgia, Atlanta Division against Defendants premised on alleged violations of the Fair Labor Standards Act;

**WHEREAS**, Defendants deny any liability or wrongdoing of any kind associated with Plaintiff or the claims alleged or that could have been alleged by Plaintiff.  Defendants further contend that they have complied with all state and federal laws;

**WHEREAS**, the Parties desire to settle the Litigation to avoid the inconvenience and expense of continued litigation;

Page 1 of 21

Plaintiff Initials _*LH*_

**WHEREAS**, the Parties desire to, fully and finally, settle the Litigation and any and all claims and causes of action of any kind whatsoever that Plaintiff may have or claim to have against Defendants and/or the other Released Parties (as defined below), including, but in no way limited to, any and all claims and controversies which were asserted in or which could have been asserted in the Litigation;

**WHEREAS**, the Parties agree to bear their respective costs, expenses, and fees incurred during the course of the Litigation and this settlement;

**WHEREAS**, the Parties agree to cooperate and take all steps necessary and appropriate to effectuate the terms of this Settlement Agreement, including, but not limited to dismissing the Litigation with prejudice.

**NOW, THEREFORE**, the Parties, in consideration of the mutual covenants, agreements and promises set forth in this Settlement Agreement and in full compromise, release and settlement, accord and satisfaction, and discharge of all of the claims or causes of action, known or unknown, possessed by or belonging to Plaintiff, and for other good and valuable consideration acknowledged by Plaintiff to be satisfactory and adequate, the Parties intending to be legally bound, do hereby mutually agree as follows:

Plaintiff Initials _᠎ℒ⁊_    Page 2 of 21

ATL 21697206v1

1.    <u>Definitions.</u>  **In addition to the definitions contained with the body of this Settlement Agreement, the following terms shall have the following meanings:**

(a)    **"Court"** shall mean the United States District Court for the Northern District of Georgia Atlanta Division.

(b)    **"Plaintiff's Counsel"** shall mean Kevin Fitzpatrick and Charles Bridgers, and Delong, Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, Georgia 30303.

(c)    **"Defendants' Counsel"** shall mean David W. Long-Daniels, Esq., Natasha L. Wilson and Greenberg Traurig LLP, Terminus 200, 3333 Piedmont Rd., NE, Suite 2500, Atlanta, Georgia, 30305.

(d)    **"Released Claims"** shall mean all claims and rights being released by Plaintiff pursuant to this Settlement Agreement.

(e)    **"Released Parties"** shall mean Statewide and all of its subsidiaries, parent companies, companion companies, and corporate affiliates, as well as each of its respective current and former officers, directors, employees, shareholders, vendors, agents, attorneys, insurers, predecessors, successors, assigns, benefit plans, benefit plan fiduciaries and administrators, and affiliates.

Plaintiff Initials _AH_

Released Parties shall also mean Faust and Faust's heirs, assigns, successors, executors, and administrators.

   (f) **"Plaintiff"** shall mean Sherman Harris.

   (g) **"Released Period"** shall mean the period from the day Plaintiff commenced employment with or provided services for any of the Released Parties until this Settlement Agreement is fully executed by the Parties.

   (h) **"Affiliate"** means any individual, corporation, partnership, association, joint-stock company, trust, unincorporated association or other entity (other than Defendants) that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, Defendants.

   (a) **Settlement Payment.** In consideration of Plaintiff's covenants, promises and releases given herein, and subject to Court approval, Defendants agree to pay Plaintiff a total settlement amount of Seventeen Thousand One Hundred and Thirty-Seven Dollars and Ninety-Three Cents ($17,137.93), as follows:

     i. One check payable to Sherman Harris in the amount of Three Thousand Nine Hundred Forty Two and 84/100 Dollars for wage income from

Plaintiff Initials _____

ATL 21697206v1

which minus statutory withholdings and applicable taxes, will be withheld and for which Statewide will issue to Harris an IRS Form W-2;

ii.  One check payable to Sherman Harris in the amount of Three Thousand Nine Hundred Forty Two and 84/100 Dollars for non-wage income from which no withholdings will be deducted and for which Statewide will issue to Harris an IRS Form 1099 indicating a designation under box-3 for non-wage income; and

iii.  One check payable to Kevin D. Fitzpatrick in the amount of Nine Thousand Two Hundred Fifty-Two Dollars and Twenty-Five Cents ($9,252.25), in attorneys' fees and costs incurred by Plaintiff and for which an IRS Form 1099 will be issued to Plaintiff's Counsel.

(b) Payment shall be made to Plaintiff's Counsel within seven (7) days of Court approval of the Parties' settlement and the Court's dismissal of the Litigation.

Plaintiff Initials ___*SH*___

Page 5 of 21

ATL 21697206v1

Plaintiff acknowledges and agrees that the Settlement Payment is conditioned upon the execution, delivery, and non-revocation of this Settlement Agreement.  Plaintiff further acknowledges and agrees that if he fails to accept this Settlement Agreement and/or chooses to breach and/or revoke this Settlement Agreement after execution, Plaintiff forfeits any and all rights to the Settlement Payment and Plaintiff  must immediately repay any amounts paid to him as a part of the Settlement Payment.

2.	**TAX CONSEQUENCES.  PLAINTIFF ACKNOWLEDGES AND AGREES THAT DEFENDANTS HAVE MADE NO REPRESENTATIONS TO PLAINTIFF REGARDING THE TAX CONSEQUENCES OF ANY AMOUNTS RECEIVED BY PLAINTIFF PURSUANT TO THIS SETTLEMENT AGREEMENT.  PLAINTIFF SHALL BE RESPONSIBLE FOR ALL SUCH TAX CONSEQUENCES, INCLUDING ANY FINES OR PENALTIES EVER ASSESSED BY THE IRS OR ANY OTHER TAXING AUTHORITY WITH RESPECT TO THE PAYMENTS RECEIVED BY HIM.**

3.	**No Other Payments Due.**  Plaintiff acknowledges and agrees that the Settlement Payment represents full satisfaction of his claims against Defendants and/or any of the Released Parties.  Plaintiff further acknowledges and agrees that

Plaintiff Initials _LH_

ATL 21697206v1

he is not entitled to any payments from Defendants and/or the Released Parties except as provided in this Settlement Agreement.

**4.** **Release of Claims and Other Representations.**

(a) **Release of Claims by Plaintiff.** In consideration of the Settlement Payment and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff, for himself, and on behalf of his heirs, assigns, successors, executors, and administrators, hereby IRREVOCABLY AND UNCONDITIONALLY RELEASES, ACQUITS, AND FOREVER DISCHARGES the Released Parties, from any and all liabilities, arising out of the Litigation.

(b) **Unknown Claims.** Plaintiff hereby settles all differences between the Released Parties and Plaintiff concerning his employment by any of the Released Parties, including, without limitation, his wages, hours, working conditions, on the job injuries, and all other terms and conditions of employment during his employment, and occurring up to the date of this Settlement Agreement, the separation of his employment, and all other matters related to his employment by the Released Parties. Plaintiff acknowledges full accord, satisfaction, settlement and release of any and all charges, demands, rights, actions, causes of action, damages or claims of damage, including, but not limited to, actual,

Plaintiff Initials _AH_

ATL 21697206v1

compensatory, exemplary, liquidated, punitive, injunctive, and nominal damages as well as any related costs and attorneys' fees associated therewith, of whatsoever kind and nature which he has or may have against the Released Parties by reason of, or related to, without limitation, his employment by or separation of his employment from the Released Parties.   Plaintiff acknowledges that Plaintiff is aware that Plaintiff may hereafter discover facts different from or in addition to those which Plaintiff now knows or believes to be true with respect to the matters released in subparagraphs (a) above, and agrees that the releases so given in subparagraphs (a) above, shall be and remain in effect as a full and complete release of the respective claims, notwithstanding any such different or additional facts.

5.    **Covenant Not to Sue.**

(a)    Plaintiff covenants and agrees to never initiate any lawsuit, administrative proceeding, arbitration, or other dispute resolution process related to any of the claims released herein, except as necessary to enforce this Settlement Agreement.  Plaintiff represents and warrants that, to the best of his knowledge, no other person or entity has initiated or is authorized to initiate such administrative proceedings or lawsuit on his behalf.   Furthermore, Plaintiff agrees not to

Plaintiff Initials _AH_

encourage any other person or suggest to any other person to institute any legal action or claim against the Released Parties.

(b)    Plaintiff represents and warrants that, other than in connection with the claims brought in the Litigation, he has not filed or otherwise initiated any legal action or administrative proceeding of any kind against the Released Parties and has no knowledge that any such legal action or administrative proceeding related to the Released Claims has been filed or otherwise initiated or is contemplated or threatened by any other person or entity.   Plaintiff also hereby irrevocably and unconditionally waives and relinquishes any right to seek or recover any monetary relief or other individual remedies for or on account of any of the claims released herein whether for himself, or on behalf of others, except as necessary to enforce this Settlement Agreement.

6.    **Waiver of Employment/Re-Employment.**   Plaintiff represents that Plaintiff does not desire employment or re-employment with Statewide or any Released Party or their respective Affiliates and hereby waives any rights Plaintiff may otherwise have to employment with Statewide, the Released Parties, or their respective Affiliates.   Plaintiff further agrees and promises that Plaintiff will not at any time seek employment with Statewide or any of the Released Parties.   Plaintiff agrees that this Settlement Agreement shall constitute a complete and absolute bar

Plaintiff Initials _$\mathcal{AH}$_

ATL 21697206v1

to any and all claims by Plaintiff related to any and all refusals by Statewide, the Released Parties, or their respective Affiliates to employ Plaintiff, and shall serve as good cause, non-retaliatory and non-discriminatory grounds for failure to hire Plaintiff.   If Plaintiff is inadvertently hired by Statewide, any of the Released Parties, or respective Affiliate, Plaintiff acknowledges, agrees, and understands that this Settlement Agreement shall constitute good cause, non-retaliatory and non-discriminatory grounds for immediate termination of employment.   For purposes of this Paragraph 7, "employment" and similar terms shall also include the provision of services to, for, or on behalf of Statewide, any Released Party and/or Affiliate in any non-employment capacity, such as a consulting, independent contractor, or contingent worker capacity.   Plaintiff further acknowledges that the intent of this Settlement Agreement is that the Parties, including Released Parties, unequivocally and irrevocably separate all relations from each other, henceforth and forevermore.

7.   **Indemnity.**  Plaintiff agrees that Plaintiff shall indemnify and hold harmless the Released Parties from and against any claims, demands, penalties, interest, deficiencies, levies, assessments, executions, judgments or recoveries, liability or loss, and for any reasonable costs, expenses (including attorneys' fees), or settlements, based on or arising out of (a) any breach of this Settlement

Plaintiff Initials _____

ATL 21697206v1

Agreement by Plaintiff; (b) any taxes, penalties, or fines that may be assessed by the IRS or any other taxing authority as a result of any payments made to Plaintiff pursuant to this Settlement Agreement, with the exception of federal, state and local taxes outlined in Paragraph 2(a); and (c) any future lawsuits or administrative proceedings involving any of the Released Claims.

8.   **No Disparagement.**

(a)   Plaintiff agrees that he shall not disparage Defendants or any of the other Released Parties in any manner, in public or private, including, but not limited to, making any negative comments about Defendants, its employees, its clients, its services, or any of the other Released Parties.   In the event that Defendants receives a written reference request about Plaintiff, such Defendants shall only confirm the dates of employment and/or the dates Plaintiff provided services as a contingent worker and Plaintiff's position.

9.   **Dismissal of Action.**   Within five (5) business days of the date this Settlement Agreement becomes fully executed by all Parties, the Parties, through their respective counsel, shall jointly request that the Court approve the Settlement Agreement, incorporate the Settlement Agreement into its Order approving the Settlement Agreement and dismiss the Litigation, with prejudice. The Parties

Plaintiff Initials _AH_

ATL 21697206v1

covenant to take all necessary actions to ensure this matter is dismissed with prejudice.

10.   **Court Approval**.   If this Settlement Agreement is not approved by the Court, the Settlement Agreement shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum.  If there is any reduction in the attorneys' fee award, such reduction is not a basis for rendering the entire Settlement Agreement voidable and unenforceable.

11.   **Enforcement**.   The Parties shall request that the District Court retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

12.   **No Admission.**  Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any other Released Party and Defendants expressly deny any such liability.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation

Plaintiff Initials _*LH*_                 Page 12 of 21

and the attendant inconvenience and expense. This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## 13.   **Non-Disclosure and Return of Proprietary Information and Equipment.**

(a)   Plaintiff shall return to Defendants all copies of confidential information in any form, electronic or otherwise, pertaining to any of the Released Parties or their respective businesses within five (5) days of Plaintiff's execution of this Settlement Agreement. Plaintiff understands that the Released Parties may seek from a court of competent jurisdiction an injunction to prohibit the disclosure, use, and misappropriation of such confidential, proprietary, and trade secret information.

(b)   Plaintiff shall deliver to Defendants all equipment, materials, products, machines, models, inventions, drawings, files, documents, photographs, plans, or other matters which Defendants supplied or provided to Plaintiff during his employment with Statewide. Plaintiff likewise agrees to deliver all copies of e-mails, plans, drawings, data, improvements, designs, discoveries, know how, concepts, methods, algorithms, programs, trade secrets, processes, formulas, techniques, copies, discs, records, extracts, summaries, repositories, budgets,

Plaintiff Initials _____

ATL 21697206v1

projections, licenses, price lists, supplier lists, customer lists, marketing and business plans, financial information (including but not limited to, information concerning costs, profit, revenues, margins and other marketing, sales and business financial information, whether actual, estimated, or projected) and other work products or proprietary information, whether patentable or copyrightable or not, pertaining to Defendants or their business.

14. **No Prior Assignments.** Plaintiff represents, covenants, and warrants that Plaintiff has not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any Released Claim, except in connection with hiring Plaintiff's Counsel in the Litigation. Plaintiff agrees, represents, and warrants that Plaintiff owns 100% of the claims released by this Settlement Agreement and that no other person or entity owns any interest therein by assignment or subrogation or otherwise other than for attorneys' fees and that Plaintiff has not in any way assigned or otherwise transferred to any person or entity any interest in the claims released by this Settlement Agreement other than attorneys' fees.

15. **Attorney Review and Authority.** The Parties acknowledge that they have each had counsel review and analyze the Settlement Agreement, and that they have consulted with their attorneys before entering into this Settlement Agreement.

Plaintiff Initials _JH_

ATL 21697206v1

The Parties further agree and acknowledge that they each had a full opportunity to negotiate, revise, add to and delete from this Settlement Agreement, such that no law of construction against the drafter shall apply.

**16.** **Independent Counsel / Advisor.** The Released Parties have advised Plaintiff to consult with independent legal counsel and a tax consultant or any advisor of Plaintiff's choosing prior to executing this Settlement Agreement. Plaintiff acknowledges that he has had an opportunity to do so and has indeed consulted with legal counsel and all other counsel or advisors he deems necessary.

**17.** **Notices.** Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested or received by or tendered by prepaid courier, addressed as follows:

To Plaintiff:

Kevin D. Fitzpatrick, Jr.

Delong Caldwell Bridgers Fitzpatrick, LLC

3100 Centennial Tower

101 Marietta Street

To Defendants:

David W. Long-Daniels, Esq.

Greenberg Traurig, LLP

Terminus 200

3333 Piedmont Road, NE

Plaintiff Initials _JH_

ATL 21697206v1

Atlanta, Georgia 30303                    Suite 2500

Email: kevin.fitzpatrick@dcbflegal.com     Atlanta, Georgia 30305

                                          E-Mail: long-danielsd@gtlaw.com

                                          Facsimile: 404-553-4745

**18.    Captions and Interpretations.** Paragraph titles or captions contained in this Settlement Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision. Each term of this Settlement Agreement is contractual and not merely a recital.

**19.    Severability.** Should any provision of this Settlement Agreement be found invalid or unenforceable for any reason by a court with jurisdiction over the interpretation of this Settlement Agreement, such finding shall not invalidate or make unenforceable any other provision of the Settlement Agreement or affect in any way whatsoever the validity or enforceability of the Settlement Agreement as a whole.

**20.    Modification.** This Settlement Agreement may not be changed, altered, modified, or waived except in a writing signed by all Parties. This

Plaintiff Initials _____

ATL 21697206v1

Settlement Agreement may not be discharged except by performance in accordance with its terms.

21.    **Integration Clause.**   The Parties acknowledge and agree that this Settlement Agreement constitutes a full, final, and complete settlement of the subject matter hereof and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between them relating to the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between them relating to the subject matter hereof as set forth herein, and that this Settlement Agreement contains the sole and entire agreement between them with respect to the subject matter hereof.  The Parties further acknowledge and agree that language proposed for, deleted from, or otherwise changed in any drafts of this Settlement Agreement but not included herein shall not in any way affect the rights and obligations of the Parties.

22.    **Binding on Assigns.**   This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, beneficiaries, successors, and assigns.   Plaintiff may not assign any of his duties or responsibilities under this Settlement Agreement.

Plaintiff Initials _AH_

ATL 21697206v1

23.   **Counterparts.**   This Settlement Agreement may be executed by the Parties in one or more counterparts, and may be executed on telefaxed copies, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

24.   **Governing Law; Forum Selection.**   This Agreement shall be governed by and construed in accordance with the law of the State of Georgia without regard to principles of conflict of law and, where applicable, pursuant to federal law.  The Parties agree that any action or proceeding brought or initiated in respect of this Agreement may be brought or initiated in the state or federal courts in Atlanta, Georgia, and each of the undersigned consents to the exercise of subject matter and personal jurisdiction and the placement of venue in either of such courts, or in any jurisdiction allowed by law, in any such action or proceeding.

25.   **Waiver of Right to Jury Trial.**   By executing this Agreement, the Parties hereto knowingly and willingly waive any right they have under applicable law to a trial by jury in any dispute arising out of or in any way related to this Agreement or the issues raised by any such dispute.

26.   **Attorneys' Fees.**   In any lawsuit or other proceeding to construe or enforce this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs to the extent permitted by law.

Plaintiff Initials _S H_

ATL 21697206v1

27.   **Plaintiff's Representations.**  Plaintiff represents that he understands and agrees that:

(a)   Plaintiff has the right to consult with legal counsel regarding this Settlement Agreement and represents that Plaintiff has consulted with Plaintiff's Counsel with regard to this Settlement Agreement;

(b)   Plaintiff is entering into this Settlement Agreement freely and voluntarily and not as a result of any coercion, duress or undue influence;

(c)   Plaintiff is not relying upon any oral representations made to Plaintiff regarding the subject matter of this Settlement Agreement;

(c)   This Settlement Agreement provides additional consideration to which Plaintiff is not already entitled; and

(d)   Plaintiff has received all information Plaintiff requires in order to make a knowing and voluntary release and waiver of all claims Plaintiff may have or claim to have against the Released Parties.


[SIGNATURE PAGE FOLLOWS]


Plaintiff Initials _*SH*_          Page 19 of 21

ATL 21697206v1

**READ THIS AGREEMENT BEFORE SIGNING.  THIS DOCUMENT CONTAINS A RELEASE OF ALL CLAIMS AGAINST DEFENDANTS PRIOR TO THE EFFECTIVE DATE OF THIS SETTLEMENT AGREEMENT.**

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Settlement Agreement to be duly executed as of the date first above written.

Sherman Harris

*Sherman Harris*

Date:
*12/1/2016*

Statewide Wrecker Service South, Inc.

By:  *Ronnie C Faust*

Name: _____

Title:  *Owner*

Date:  *12.8.16*


Ronnie C. Faust

_____

Date:  *12.8.16*


Plaintiff Initials _*SH*_                Page 20 of 21

ATL 21697206v1

Plaintiff Initials _____        Page 21 of 21

*ATL 21697206v1*